Wardlaw, J.
dissenting. I am much dissatisfied with this decision. In the case of '¡Spriggs vs. Camp, there were counts in case, as well as in trover. But suppose it to have been there settled, that the mortgagee of personal property may, before breach of the condition, maintain trover against a stranger, notwithstanding a covenant in the mortgage that the possession shall remain in the mortgagor until condition broken, that falls far short of this case.
Here, the action is not against a stranger, but against one who has purchased the mortgagor’s interest; and here the mortgage is not to secure the payment of money, tut to secure a bond, conditioned to indemnify. The plaintiif in this case, the party to be indemnified, has not paid a cent on account of his suretyship, and, perhaps, never may do so. The full value of the negro is recovered by him, and if his title was good, the title of the negro thereby vested in the defendant; yet no part of the money recovered may go to meet the demand of the ward against her guardian, or in any way to compensate either guardian or ward for the negro taken away.
I think that under the contract expressed in the bond and mortgage, the right of possession was plainly secured to the mortgagor until he had failed to indemnify — that is, until the mortgagee had been put to expense, and had required reimbursement; and that before such expense, there was no legal remedy under either bond or mortgage.
As to the question of discharge, the proceedings were probably such as saved to the plaintiif, in his suretyship to the second bond, all the securities he had taken when he signed the first bond. But if there was really an actual revocation of the first guardianship, and then a second appointment of Bruerton regularly made, the balance which was due on the first guardianship, and which was a debt chargeable against Bruerton, must, upon the second appointment, have become payable to Bruerton ; and so the *86 duty to pay, and the right to receive, uniting in. him, the debt, by operation of law, became ipso facto paid to himself. See Gray vs. Brown, 1 Rich. 351, and the cases there cited. Such case differs essentially from one where new security is required by an Ordinary, upon the application of a former surety. But suppose that an Ordinary, having full power, should revoke letters of administration, and then grant them to a second administrator, and the first administrator should pay to the second the balance in his hands — the sureties to the first would be discharged. Precisely the same discharge of the first sureties would result from the reappointment of the same person as administrator a second time, if the Ordinary had, in the matter, the same full powers which the Court of Equity has over guardians.
Richardson, J. concurred.